# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MAURICE JOHNSON,**
a/k/a "Reese,"

      Petitioner,

v.                                        **CRIMINAL ACTION NO.: 3:02-CR-64-4**
                                                **CIVIL ACTION NO.: 3:16-CV-33**
                                                **(GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER DECLINING TO ADOPT
## REPORT AND RECOMMENDATION AND STAYING CASE

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. ECF No. 888.[1] Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of an R&R. On May 11, 2016, Magistrate Judge Seibert issued his R&R, in which he recommends that this Court deny and dismiss the Petitioner's 28 U.S.C. § 2255 petition [ECF No. 879] as an unauthorized second or successive petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner

---

[1] All citations to docket numbers reference entries in the above-styled criminal matter.

constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's R&R were due within fourteen days after being served with a copy of the R&R. The Petitioner was served with the R&R on June 15, 2016. To date, neither party has filed objections. Accordingly, the Court will review the R&R for clear error.

The R&R recommends denying and dismissing the Petitioner's § 2255 petition as an unauthorized second or successive petition. On the date that the R&R was issued, the Petitioner had not filed for or received permission from the Fourth Circuit to file a second or successive § 2255 petition. Accordingly, the magistrate judge was correct in finding that the Court was without authority to consider the petition and was likewise correct in his recommendation that it be dismissed. However, more than one month following entry of the R&R, on June 27, 2016, the Petitioner filed a motion with the Fourth Circuit for authorization to file a successive habeas petition. Motion for Authorization to File Successive Habeas Application, <u>In re Johnson</u>, No. 16-9687 (4th Cir. June 27, 2016), ECF No. 2. On July 18, 2016, the Fourth Circuit granted the Petitioner authorization to file a second or successive habeas petition with this Court. Court Order Granting Motion for Authorization to File Successive Habeas Application, <u>In re Johnson</u>, No. 16-9687 (4th Cir. July 18, 2016), ECF No. 5.

Although the Court finds no clear error in the R&R, events occurring after its entry have made it so that the Court cannot adopt the recommendation therein. Accordingly,

2

the Court **DECLINES TO ADOPT** the Report and Recommendation insofar as the Petitioner has since received authorization from the Fourth Circuit to file a second or successive § 2255 petition.

In his petition, the Petitioner moves this Court, pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015),[2] to vacate his July 30, 2003 sentence imposed by this Court. On March 17, 2003, the Petitioner entered a plea of guilty to Count Forty-Eight of the underlying criminal indictment, charging distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On July 30, 2003, upon accepting his plea of guilty, this Court sentenced the Petitioner to 188 months of imprisonment to be followed by three years of supervised release. ECF No. 510. The Petitioner's term of imprisonment was based in part upon his classification as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1.

Prior to a recent amendment, which took effect on August 1, 2016, USSG § 4B1.2(a)(2) contained a residual clause identical to the one found in the ACCA.[3] The

---

[2] In Johnson, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), void as unconstitutionally vague. 135 S. Ct. at 2557. Under the ACCA, a defendant's sentence may be increased if he has three or more previous convictions for serious drug offenses or violent felonies, or both. The residual clause of the ACCA deems the term "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Other related court decisions include Welch v. United States, 136 S. Ct. 1257, 1265 (2016) (holding that the Johnson decision applies retroactively) and In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016) (opining that Johnson "might" apply to career offender enhancements under the United States Sentencing Guidelines). But see United States v. Coulter, No. 14-4271, 2016 WL 3595706, at *1 n.* (4th Cir. July 5, 2016) (unpublished per curiam) (clarifying that the Fourth Circuit "has not yet determined whether the holding in Johnson similarly invalidates the residual clause in USSG § 4B1.2(a)(2)").

[3] Prior to August 1, 2016, the residual clause of USSG § 4B1.2(a)(2) defined a "crime of violence" to include any offense that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2015).

Petitioner argues that one of his predicate convictions,[4] resulting in his USSG § 4B1.1 enhancement, is no longer considered a violent offense for career offender enhancement purposes. Therefore, the Petitioner avers that he is no longer a career offender and requests that he be resentenced accordingly.

The Fourth Circuit has not yet determined whether Johnson applies retroactively to cases challenging sentences enhanced under the residual clause previously found in USSG § 4B1.2(a)(2). However, the United States Supreme Court recently granted certiorari on this issue. See Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016). The Supreme Court's decision in Beckles may very well determine the viability of the Petitioner's § 2255 petition in this case.

Accordingly, upon review, the Court **DECLINES TO ADOPT** the Report and Recommendation [ECF No. 888] and **ORDERS** this matter **STAYED** pending the Supreme Court's decision in Beckles.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** November 3, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Petitioner argues that his October 25, 2001 Maryland conviction for second degree assault is an impermissible predicate offense for USSG § 4B1.1 career offender enhancement purposes.

4