**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MAURICE JOHNSON,**
a/k/a "Reese,"

    Petitioner,

v.                                     **CRIMINAL ACTION NO.: 3:02-CR-64-4**
                                          **CIVIL ACTION NO.: 3:16-CV-33**
                                          **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER LIFTING STAY AND DISMISSING 28 U.S.C. § 2255 PETITION

Currently before the Court is the *pro se* Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 879],[1] in which he moves the Court to vacate his July 30, 2003 sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015). On November 3, 2016, this Court ordered the matter stayed pending the Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (June 27, 2016). On March 6, 2017, the Supreme Court issued its opinion, finding the holding in Johnson inapplicable to the residual clause in § 4B1.2(a) of the United States Sentencing Guidelines. See Beckles v. United States, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). Accordingly, the Petitioner is not entitled to relief.

On March 17, 2003, the Petitioner pled guilty to the distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Thereafter, on July 30, 2003, he was

---

[1] Unless otherwise indicated, all citations to docket numbers reference entries in the above-styled criminal matter.

sentenced to 188 months of imprisonment to be followed by three years of supervised release. In calculating the Petitioner's sentence, the Court took into consideration his criminal history, which includes a 2001 conviction for second degree assault in the state of Maryland. The assault was considered a felony "crime of violence" for the purpose of career offender enhancement under the Guidelines.

The Petitioner argues that, in light of Johnson, his 2001 Maryland conviction for second degree assault is no longer considered a crime of violence under § 4B1.2(a), and therefore he must be resentenced. However, because the Supreme Court in Beckles refused to extend Johnson relief to sentencing enhancements under the Guidelines, the Petitioner does not receive the benefit of the new one-year limitations period established by 28 U.S.C. § 2255(f)(3).[2] Judgment was entered against the Petitioner on August 5, 2003, and because he did not file a direct appeal, it became final on August 19, 2003.[3] Pursuant to § 2255(f)(1), the Petitioner had one year from August 19, 2003, to file his § 2255 petition. Consequently, because the instant petition was filed on March 24, 2016[4]—more than eleven years past the deadline—it is procedurally barred as untimely.

---

[2] Section 2255(f) establishes a one-year limitation period within which to file § 2255 petitions. However, via subsection (f)(3), an inmate may restart this one-year limitation period if he can demonstrate that he is entitled to relief pursuant to a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[3] A judgment is considered "final" under § 2255(f)(1) when the time expires for filing a petition for certiorari, certiorari is denied or the Supreme Court affirms the appellate court. See Clay v. United States, 537 U.S. 522, 527 (2003). Here, because the Petitioner never filed a notice of appeal with this Court, the judgment became final fourteen days after entry, or the time within which to file a notice of appeal expired. See Fed. R. App. P. 4(b); Saunders v. United States, Case No. 13 C 8399, 2014 WL 201880, at *1 (N.D. Ill. Jan. 17, 2014).

[4] Although the Court received the Petitioner's § 2255 petition on March 28, 2016, it is dated as being placed in the mail on March 24, 2016. Accordingly, March 24, 2016, is used as the date of filing.

Accordingly, the Court **ORDERS** that the stay be **LIFTED**, the Petitioner's 28 U.S.C. § 2255 petition [ECF No. 879 in 3:02-CR-64-4; ECF No. 1 in 3:16-CV-33] be **DISMISSED** as untimely and the above-styled civil matter be **STRICKEN** from the active docket. The Court does not find that the Petitioner has demonstrated "a substantial showing of the denial of a constitutional right" and therefore **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent and transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** March 15, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE